CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 13 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAN HAENDEL, </br> Plaintiff, | ) </br> ) </br> ) | Civil Action No. 7:17-cv-00119 |
| v. | ) </br> ) | **MEMORANDUM OPINION** |
| ANNA REED, et al., </br> Defendants. | ) </br> ) </br> ) | By: Hon. Jackson L. Kiser </br> Senior United States District Judge |

Dan Haendel, who is member of the District of Columbia Bar but a Virginia prisoner proceeding pro se, filed a verified complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff names as defendants: Anna Reed, an Assistant Commonwealth's Attorney for the City of Staunton ("Staunton"); Raymond C. Robertson, the Commonwealth's Attorney for Staunton; Jim Wilson, the Chief of Police for Staunton; BB Cully, a police officer for Staunton; Mark R. Herring, the Attorney General of Virginia; and Harold W. Clarke, the Director of the Virginia Department of Corrections. Plaintiff argues that he is being falsely incarcerated in violation of due process because his convictions for electronic communications with Officer Cully were used unlawfully during his state criminal proceedings. Defendants filed motions to dismiss, Plaintiff responded and filed a motion to amend, and most defendants renewed their motions to dismiss. After reviewing Plaintiff's submissions, I determine that Heck v. Humphrey, 512 U.S. 477, 478 (1994), bars the action, as amended, and dismiss it without prejudice as frivolous.

---

[1] Plaintiff is listed on the D.C. Bar's website as an "active attorney" in "good standing" despite his felony convictions. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). I decline to extend the liberal construction standard to an attorney. See Haines v. Kerner, 404 U.S. 519, 521 (1972) (observing that a court should hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers") (emphasis added).

# I.
## A.

Plaintiff was arrested on May 13, 2014, as a consequence of his communications of a sexual nature with Officer Cully, who had pretended to be a minor. Plaintiff was charged with attempting to take indecent liberties with a minor, in violation of Virginia Code §§ 18.2-370 and 18.2-26, and with using a communications system to facilitate a sexual offence with a minor, in violation of Virginia Code § 18.2-374.3. Plaintiff pleaded no contest, and on December 30, 2014, he was sentenced by the Circuit Court of Staunton ("Circuit Court") to an active term of seven years' incarceration.

Nearly a year later in September 2015, Plaintiff filed with the Circuit Court a Motion for Reconsideration and Motion to Suppress Evidence. Plaintiff argued that the electronic communications with Officer Cully were unlawfully intercepted and should have been suppressed. The Circuit Court denied Motion for Reconsideration and Motion to Suppress Evidence, and Plaintiff appealed unsuccessfully to the Court of Appeals of Virginia and the Supreme Court of Virginia.

In January 2016, Plaintiff commenced a civil action in state court by filing a pro se "Motion of Judgment" against Reed, Officer Cully, Staunton, the Staunton Police Department, the Office of the Commonwealth's Attorney for Staunton, and the Commonwealth of Virginia. Plaintiff alleged that these defendants violated Virginia Code § 19.2-69 jointly and severally, and are liable for damages.[2] In a subsequent filing titled, "Motion for Judgment – Amended," Plaintiff argued that Reed and Officer Cully violated the provisions governing the use and

---

[2] Virginia Code § 19.2-69 permits a civil action for damages in certain circumstances against "any person who intercepts, discloses or uses, or procures any other person to intercept, disclose or use [wire, electronic or oral] communications."

2

disclosure of electronic conversations because Officer Cully posed as an underage minor without court approval. Plaintiff also argued that Officer Cully could not have "intercepted" the electronic conversations because the officer was a party to the conversation. The Circuit Court ultimately denied Plaintiff leave to file the "Motion for Judgment – Amended" and dismissed the case with prejudice on July 11, 2016. Plaintiff appealed unsuccessfully to the Supreme Court of Virginia.

**B.**

Plaintiff commenced this action no earlier than March 24, 2017, alleging, inter alia, constitutional due process violations by "Virginia Officials by failure to follow plain language of Virginia Statute as void ab initio resulting in false arrest and false imprisonment." Like in the "Motion for Judgement – Amended," Plaintiff asserts that Reed and Officer Cully violated the law by using the incriminating electronic communications in the criminal proceedings against Plaintiff. Plaintiff maintains these defendants' acts tainted his criminal case and render his plea and convictions invalid and void ab initio.[3]

In response to the motions to dismiss filed by Robertson, Reed, and Williams, Plaintiff filed a "motion to amend and motion in opposition to defendant's [sic] motion to dismiss."[4] Plaintiff explains that the motion is to clarify any misunderstandings about this action and to modify parts of the complaint.

Initially, Plaintiff clarifies that he sues defendants in both their individual and official capacities. Nonetheless, Plaintiff amends the relief sought to omit "relief in the form of

---

[3] Plaintiff acknowledges that, despite his prior challenges to the criminal judgment in state courts, he has not yet sought a writ of habeas corpus from Virginia courts.
[4] It was also captioned as a "verified complaint," but it is clear from the document that it is not intended to replace the original complaint. See Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

3

monetary damages" and an injunction that would compel a speedier release from incarceration.[5]

Plaintiff seeks only declaratory relief that recognizes:

> Virginia courts lack jurisdiction as void from the inception of the "sting" operation as contrary to the plain and specific language of the Virginia statutes in violation of civil rights under the Virginia and U.S. Constitutions. These officials formulated the "sting" operation knowing or having reason to know the limitations of VA Code [§] 19.2-62(B)(2) exemption for the "interception" by a party to the communication that such communications, even if "permissible," are not "admissible" in Virginia legal proceedings, absent judicial authorization primarily because the Virginia statute, in contrast to the federal statute, makes it a felony violation to use and/or disclose the contents of an interception if the person so doing knows or has reason to know that the contents are from an intercept without requiring, as does the federal statute, that the intercept be in violation of the statute.

Finding it appropriate to do so in accordance with Federal Rule of Civil Procedure 15 and Foman v. Davis, 371 U.S. 178, 182 (1962), the motion to amend is granted to the extent it clarifies the verified complaint as intended, and the relief is limited to declaratory relief. Cf. Kentucky v. Graham, 473 U.S. 159, 167 n.18 (1985) (noting a state's immunity can be overcome by naming state officials as defendants in official-capacity actions for injunctive or declaratory relief); Supreme Court of Virginia v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-38 (1980) (disclaiming absolute immunity as a defense to actions for declaratory relief).

## II.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), bars this action.[6] See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (recognizing § 1983 claims for declaratory relief are barred

---

[5] I decline to construe the action as seeking habeas relief for several reasons. Plaintiff is, inexplicably, still a licensed attorney in good standing with the D.C. Bar, knows of habeas relief, and has not yet sought habeas relief. More notable, however, is the fact Plaintiff explicitly disclaims seeking habeas relief in this action. See, e.g., Castro v. United States, 540 U.S. 375, 386 (2003) ("Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief. Recharacterization is unlike 'liberal construction,' in that it requires a court deliberately to override the pro se litigant's choice of procedural vehicle for his claim.") (Scalia, J., concurring).

[6] The parties filed dispositive motions raising various challenges to the complaint, as amended. I find it

4

under Heck if success of the claims would necessarily demonstrate the invalidity of the prisoner's confinement without favorable termination). Plaintiff repeatedly challenges the legality of the investigation and criminal judgment for which is presently incarcerated. There is no avenue to both issue the requested declaration yet not impugn the legality of Plaintiff's convictions and incarceration. Plaintiff would be unlawfully incarcerated if, arguendo, Virginia courts lacked jurisdiction. Also, the chat transcript –the only specific evidence establishing his guilt – would have been suppressed had the prosecutors and police violated due process and committed felonies to secure his convictions. Plaintiff argues that his convictions would not be impugned by issuing the declaration because his Alford plea and "other evidence" the police "may possess" could again result in his arrest and incarceration. However, a new plea hearing, the production of unknown "other evidence," re-arrest, and re-incarceration all presuppose that the current judgment is invalid and that the criminal process begins anew.

Plaintiff cannot use § 1983 to obtain declaratory relief that necessarily demonstrates the invalidity of his confinement, and he cannot prove favorable termination because he is still convicted and incarcerated for the crimes for which he seeks declaratory relief. Accordingly, the action is dismissed without prejudice as frivolous.[7]

---

unnecessary to address those other arguments in light of the broad application of Heck.

[7] Plaintiff's pursuit of this action despite an obvious lack of favorable termination constitutes the frivolous pursuit of an indisputably meritless legal theory. See, e.g., Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Russell v. Guilford Cty. Municipality, 599 F. App'x 65, 65 (4th Cir. 2015) (per curiam) (finding Heck barred a § 1983 complaint and upholding dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)); Wilson v. Sheriff Dep't, No. 7:10-cv-00363, 2010 U.S. Dist. LEXIS 85193, at *5, 2010 WL 3292654, at *2 (W.D. Va. Aug. 19, 2010) (dismissing without prejudice as frivolous under Heck (citing Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. 2009) (modifying district court's dismissal with prejudice under Heck to reflect that dismissal is without prejudice to plaintiff refiling upon favorable termination of conviction) (per curiam))).

## III.

For the foregoing reasons, I grant Plaintiff's motion to amend; grant Defendants' motions to dismiss as to the application of Heck v. Humphrey, 512 U.S. 477, 478 (1994), and deny them in part as moot as to other arguments; and dismiss the action without prejudice as frivolous. Because it appears the D.C. Bar has not yet been informed of Plaintiff's convictions, the Clerk shall forward a certified copy of this Memorandum Opinion and accompanying Order to the Office of Disciplinary Counsel for the District of Columbia Court of Appeals.

**ENTER**: This 3rd day of February, 2018.

/s/ Jackson L. Kiser
Senior United States District Judge