CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 10 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DAN HAENDEL,** | ) | Civil Action No. 7:17-cv-00119 |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ANNA REED, et al.,** | ) | By:   Hon. Jackson L. Kiser |
| **Defendants.** | ) | Senior United States District Judge |

Presently before me is a motion for reconsideration filed by pro se, incarcerated plaintiff Dan Haendel, who is a member of the District of Columbia Bar.[1] Plaintiff had alleged in this action pursuant to 42 U.S.C. § 1983 that "Virginia Officials['] . . . failure to follow plain language of Virginia Statute as void ab initio result[ed] in false arrest and false imprisonment." The alleged false imprisonment manifests as Plaintiff's current term of imprisonment after he pleaded no contest, pursuant to North Carolina v. Alford, 400 U.S. 25, 26 (1970), for attempting to take indecent liberties with a minor, in violation of Virginia Code § 18.2-370, and with using a communications system to facilitate a sexual offence with a minor, in violation of Virginia Code § 18.2-374.3.

I had dismissed the complaint, as amended, finding it barred by Heck v. Humphrey, 512 U.S. 477, 478 (1994). Plaintiff had argued that the investigative techniques used to collect the evidence of his crimes rendered his plea and convictions invalid, and the relief he had sought was a declaration that, inter alia, Virginia courts lacked jurisdiction to convict and sentence him. Plaintiff argued that:

> Virginia courts lack jurisdiction as void from the inception of the "sting" operation as contrary to the plain and specific language of the Virginia statutes in violation of civil rights under the Virginia and U.S. Constitutions. These

---

[1] I decline to extend the liberal construction standard to an attorney. See Haines v. Kerner, 404 U.S. 519, 521 (1972) (observing that a court should hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers" (emphasis added)).

> officials formulated the "sting" operation knowing or having reason to know the limitations of VA Code [§] 19.2-62(B)(2) exemption for the "interception" by a party to the communication that such communications, even if "permissible," are not "admissible" in Virginia legal proceedings, absent judicial authorization primarily because the Virginia statute, in contrast to the federal statute, makes it a felony violation to use and/or disclose the contents of an interception if the person so doing knows or has reason to know that the contents are from an intercept without requiring, as does the federal statute, that the intercept be in violation of the statute.

In the motion for reconsideration, Plaintiff cites Covey v. Assessor of Ohio County, 777 F.3d 186, 189 (4th Cir. 2015), to argue that Heck does not apply. In Covey, the Court of Appeals held that "a civil-rights claim does not necessarily imply the invalidity of a conviction or sentence if (1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence and (2) the plaintiff does not plead facts inconsistent with guilt." Covey, supra at 197.

Convey is not applicable here because Plaintiff entered an Alford plea, not a guilty plea. "Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him . . . ." Alford, 400 U.S. at 32. Thus, a guilty plea would have substituted as the basis for the convictions versus the underlying evidence used to support the arrest, charges, and convictions. In contrast, Virginia courts recognize that Alford pleas allow "criminal defendants who wish to avoid the consequences of a trial to plead guilty by conceding that the evidence is sufficient to convict them, while maintaining that they did not participate in the acts constituting the crimes." Carroll v. Commonwealth, 280 Va. 641, 644-45, 701 S.E.2d 414, 415 (2010) (emphasis added). "By these representations in his criminal prosecution, [a defendant] assumed a position of law, not a position of fact. He conceded only that the evidence was sufficient to convict him of the

2

offenses and did not admit as a factual matter that he had participated in the acts constituting the crimes." Parson v. Carroll, 272 Va. 560, 566, 636 S.E.2d 452, 455 (2006).

Plaintiff acknowledged in his written plea agreement that his "plea does not constitute an admission of guilt."[2] Instead of admitting guilt, Plaintiff "voluntarily, knowingly, and understandingly consent[ed] to the imposition of a prison sentence even if he [wa]s unwilling or unable to admit his participation in the acts constituting the crime." Alford, 400 U.S. at 37. Thus, Plaintiff "preferred the [factual] dispute . . . be settled by the judge in the context of a[n] [Alford] plea proceeding rather than by a formal trial." Id. at 32. To that end, the state court relied on evidence, now challenged as unlawfully procured and admitted, as the sole basis to support the convictions.[3]

"[T]he Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt . . . ." Id. at 36. But, Heck does bar Plaintiff's attempt to treat a "no contest" plea in state criminal proceedings as a guilty plea in federal civil proceedings. Accordingly, the motion for reconsideration is denied.

**ENTER**: This 10th day of September, 2018.

s/Jackson L. Kiser<br>
Senior United States District Judge

---

[2] The state court record has been loaned to this court during the pendency of Plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2254 in Haendel v. Gilmore, No. 7:18cv317.

[3] Transcripts were not prepared other than from the bond hearing where the parties discussed Plaintiff's potential access to computers and children at the bed and breakfast he owns in Middleburg, Virginia, and at his job. Although no transcript recites the facts supporting the convictions, the convictions rested on the chat logs that were entered into the record during the plea hearing. The chat logs reveal Plaintiff's intended grooming of a thirteen year child via computer and his attempted indecent liberties with a child. See Va. Code § 18.2-370(A)(4) (prohibiting, inter alia, the proposal of doing an act of sexual intercourse, anal intercourse, cunnilingus, fellatio, or anilingus to a child); § 18.2-374.3(C) (prohibiting the use of a computer for such proposals).

3

Case 7:17-cv-00119-JLK-RSB   Document 60   Filed 09/10/18   Page 3 of 3   Pageid#: 484